SHAHOOD, J.
Appellant brought an action against ap-pellee for false arrest/false imprisonment and against the City of Fort Lauderdale for battery/ unnecessary force.[1] Appellant alleged that appellee provided security services at a homeless camp operated by the City and that she provided lay ministry and support services to the homeless persons at that camp. She alleged that she was harassed by security personnel, and in particular, Matt Strauss, and was threatened with arrest for trespass if she continued to return to the camp. She alleged that a security service supervisor gave her written permission to return to the homeless camp and advised her that he would *1106 notify Strauss that she was permitted to return.
Appellant returned to the camp a couple of days later. Upon her arrival on the property, Strauss contacted Fort Lauderdale police and advised that she was trespassing; appellant was placed under arrest for trespass after warning and resisting without violence.
The trial court granted appellee’s motion for summary judgment finding, that there were undisputed facts, and, that, as a matter of law, appellee could not be held liable for false arrest/false imprisonment. The court found that appellee neither detained appellant nor instigated the police officer’s arrest; that the security employee merely reported to police that a violation occurred; that the employee did not personally or actively participate in the arrest; that appellee acted in good faith; and that the police independently determined that there was probable cause to arrest appellant.
. Appellant asserts that genuine issues of material fact exist as to whether Strauss instigated appellant’s arrest and acted in bad faith. She also maintains that appel-lee did not meet its burden in demonstrating that its employee acted in good faith in communicating information regarding appellant to the Fort Lauderdale police. We agree.
Because genuine issues of material fact exist, and the record does not support the court’s findings, we hold that the entry of summary judgment was improper. In this case, the record evidence presented on summary judgment failed to support the court’s findings that Strauss did not instigate the arrest or that he acted in good faith in communicating information to the arresting officer regarding appellant’s alleged trespass at the homeless camp. As no evidence was presented as to whether Strauss knew of the note written by his supervisor giving appellant permission to return to the camp, issues of fact exist as to whether Strauss acted in bad faith when he called the police. Further, the record does not support the court’s finding that the police officer independently determined that there was probable cause to arrest appellant. The evidence demonstrates that the officer relied solely upon the information provided to him by Strauss in determining that a trespass occurred. In addition, the record evidence disputes the officer’s testimony that he responded to a dispatch that a person who had been asked to leave by security had refused to do so. Appellant and another witness testified in deposition that Strauss never spoke to them prior to the arrival of the police and that appellant was never asked to leave the premises by Strauss.
Based on these disputed issues of fact, we must reverse and remand for further proceedings.
REVERSE AND REMAND.
WARNER, J., and GATES, MICHAEL L., Associate Judge, concur.

. The City was voluntarily dismissed with prejudice.